Is that it? All right. Ms. Doskey? Yes, sir. All right. You may proceed. Thank you, Your Honors. Good morning. Thank you for taking this case up on the state's application. What we hear about today is some brief testimony by a 14-year-old girl. Her answer was no. Her answer was no when she was asked at trial whether she had ever had sexual relationships  She said, no.         She said, no. She said, no. She said, no. She said, no. She said, no. She said, no. She said, no. She answered no. That is the testimony that the defense is alleging should reverse this entire conviction for aggravated rape. The state had no knowledge that that no was false at the time of the trial. It was not discovered until almost two years after the trial, when during the course of some counseling, the victim herself admitted that that was false, that there was someone else sexually abusing this 12-year-old child at the same time that the defendant was. We can go into lots of different reasons as to why a 14-year-old girl would tell a grown man and a jury in a courtroom full of people of why that no, no one else was having sex with her. We can go into multiple reasons, but we don't need to do that today. What we need to do is to follow the precedent of this court and the United States Supreme Court. This court has already ruled that on collateral review, if there is no state action, if there's no knowledge by the state of this perjured testimony, then there is no constitutional violation. There is no fundamentally unfair trial. In this case, it's even more severe because this does not have anything to do with the allegations in her testimony against Mr. Pierre himself. She has never recanted her testimony that Pierre sexually abused her from the time that she was six years old until the time she was 12 when she disclosed the abuse. Unlike other cases where there were prior recantations where the recantation was directly reflected upon the actual innocence, that's not what we hear about today. We're talking about some collateral evidence. The defense argues that this was essential to proving her credibility. I would argue that there was much more to prove her credibility at the trial other than that one no. You call that collateral evidence? Is that what you call it? I call it collateral evidence, meaning extra evidence, credibility evidence. It's really not... But she was asked a question about sexual activity at the trial, is that right? That's correct. All right. And the way that it came out was that this defendant, Mr. Pierre, actually brought this 12-year-old to the doctor and asked for her to be examined to determine if she was having sex with someone. The doctor refused because she told the doctor that she was not. This was while she was still under the control of this defendant. He was her primary caretaker at that time. But to get to the more legal aspects of the case, the standard of review that this court must hold on all habeas cases is that it should be highly deferential to the state court's ruling. The Supreme Court of Louisiana has already found that this case does not deserve reversal because there was no constitutional violation. There was no state action. They applied the standard of State v. Conway, which is a Louisiana case, that says that if a claim of actual innocence is actually recognized and it's important, is the if. That is still not clear in Louisiana, whether we will entertain actual innocence claims on post-conviction relief. But if it is recognizable on collateral view, that evidence must be new, material, non-cumulative, and conclusive evidence which meets extraordinarily high standards and undermines the state's entire case. Louisiana Supreme Court found that this evidence, this testimony, this no, was not conclusive evidence of Pierre's innocence. It doesn't even go to the actual innocence claim. It only goes to the credibility of the victim. Other circuit cases in the federal system, one in particular, the Ninth Circuit, has held that there does not require state action if there's perjured testimony. But if we look at that case very closely, and that's the Maxwell case out of the Ninth Circuit, you'll see that there was some allusion or the court alluded to the fact that there may have been some faults by the state, even if they didn't know that the testimony was perjured. They mentioned a failure of vigilance by the prosecutor to ensure that false testimony was not introduced. And in that case, if you recall, we had a jailhouse snitch who claimed that he heard the confession of Mr. Maxwell committing up to 10 murders. This jailhouse snitch was notorious for hearing confessions in jail. I would submit to the court that that is different from the case of our prosecutors here today. Our prosecutors asked a simple question as to whether she was sexually active other than Mr. Pierre's actions against her, and she said no. In the Maxwell case, he gave completely false testimony regarding overhearing a confession that was proven not to be true. So the state would submit that we should not be following the Ninth Circuit's ruling because of the unusual circumstances of that case. This court in State v. Kinsel has stated that even if there is a recantation, there is not sufficient to overturn a conviction if there is no state action. State v. Kinsel, the young victim, in this case it was an aggravated rape case as well, recanted her testimony. The trial court determined that that recantation was somewhat questionable as to what her motivation was for recanting. Judge Weiner in that case decided that that was not a constitutional violation and he is not entitled to a reversal of his conviction based upon that recantation on collateral review. There was no constitutional fundamentally unfair trial at that point. May I ask a background question? It's not directly related to the issues on appeal. I noticed you all asked for, the state asked for, the stay of the habeas relief pending appeal from the district court, and the district court denied it. I'm curious what the status is now. You all didn't seem to ask our court for that relief. No, procedurally, where the case is now, it was returned to the district court level. Mr. Pierre was provided with a bail obligation and he has satisfied that bail obligation and he is no longer incarcerated. But we do have the pending case of aggravated rape against him. And the state, if this court does not reverse the district court, we do intend on continuing on and trying him again. Right, you're planning on retrying him. But you would ask the district court on habeas, the federal district court, not the state district court. You'd ask the federal district court to stay this habeas relief, but you didn't ask our court. I'm just curious why you didn't ask our court for that. Honestly, it's time management. I have several other cases. I knew that he would be returned to the local parish jail and provided with the bail obligations. Did I think that's correct ruling? No. But sometimes we have to pick and choose as to which rulings we appeal because of time limitations and resources. I'm the only appellate attorney in our office in addition to other duties. So I just did not have the resources to be able to appeal that decision. Is that relief something the state is interested in? Yes, sir. Well, I believe that if you would overturn the district court's opinion, the federal district court's opinion, then the aggravated rape conviction stands. So what we would ask is that it be reinstated. And once it's reinstated, he can be re-arrested, not re-arrested, but he would be required to report back to jail. And the result would be the same. One reason I ask this question, I don't mean to belabor it, but the order from the district court denying the stay you all sought says, and I quote, what the state cannot do is rely upon the now vacated conviction as a basis for denying bond. That's correct. And it just seems to me that that turns FRAP 23 on its head. The whole point of 23 is that you can do that, isn't it? The whole point of 23 is that you can hold somebody pending appeal if either the district court or this court, or the U.S. Supreme Court for that matter, wants to grant that relief. Well, I interpreted that order to mean that we can't deny him bond, meaning he couldn't be held without bond, and that the judge would have to set a reasonable bond. But as far as the interpretation of that particular rule, I'm not prepared today to argue that. And like I said, it is simply a matter of resources. I did not have the ability to seek that review. One other thing that I would like to address that was raised in Pierre's brief was that the revelation that CC, which is the victim, had been abused by another could have been used to explain the victim's actions. And what she was referring to is the, I'm assuming, is the delayed disclosure, which is typical in sexual abuse cases of minors, and some other actions of the victim. Because if you recall, and if you've looked over the entire record, this victim had some mental health issues, too. She was committed to, she had been hospitalized in between the trial. All of those things were explained in court by her counselor. What this revelation by the victim, that there was another party sexually abusing her, does not explain is the actions of Mr. Pierre. There was testimony at trial that Pierre was essentially grooming her from the very early age. There was a progression of the sexual abuse. There was a showering of attention by Pierre upon her. There was a possessiveness of the victim. He wouldn't allow her to visit other relatives. These are all very typical of sexual abuse perpetrators and victim relationships. In addition, he was giving the victim lavish gifts and $100 in cash whenever she asked for it. And they were all, as she testified, they were always related to a time when he had raped her. So the revelation that Cici was being abused by another man might explain some of her actions, but they don't explain Pierre's actions themselves. Another factor has been addressed in court, in the various courts that this case has come through, and in Mr. Pierre's brief, is the fact that this was the only direct evidence of Mr. Pierre's guilt. Well, that can be said about every aggravated rape case. We are not, as a society, going to require two or more witnesses to a rape case in order to convict someone of aggravated rape. That is not where we are as a society. We rely on single witnesses all the time. But in this case, we also had additional evidence of other factors, 404B evidence, other sexual, that showed Mr. Pierre's lustful disposition towards young children. We had corroborating evidence of how he would isolate her and not allow her to see her family. So, although this was the only direct evidence, that is the case in every aggravated rape. And I'll reserve my last two minutes for rebuttal. Thank you. Good morning, Your Honors. Ms. Elmer. I'm sorry? You're Ms. Elmer. Yes, Ms. Elmer, on behalf of Albert Norman Pierre, Sr. Your Honors, this case represents a question of substantive due process under the 14th Amendment, specifically the right to a fundamentally fair trial, which each defendant is guaranteed under the Constitution. The state would like to characterize the victim's testimony at trial when she said no, when asked by the prosecutor, were you sexually active with anyone else aside from what Mr. Pierre allegedly did to you? And she said no. They would like to characterize that as, I guess you could say, not a big deal. Unfortunately, the state's entire case, which has been recognized by the trial court who heard the post-conviction evidentiary hearing and saw the witness's testimony, the magistrate judge, who was very troubled by the nature of this case and thought that knowledge of the falsity of her testimony would probably produce an acquittal at trial, as well as recognized by the district judge in this matter, agreed that the state's entire case rested on this one witness's testimony. Do you agree that that's the alleged perjury in this case, that one question and answer? Are you sexually active? The answer is no. That's the perjury? It is the perjury, but it goes beyond that because of the later allegations that that no becomes a much bigger no than just... That is the false material statement that was made at trial. And your submission is that that's not true because, in fact... It's been... I'm sorry. That's not true because she was raped by somebody else? At the same time, there was another perpetrator of similar abuse. Is rape sexual activity? Yes. Okay, I understand your question. But I think that when she came out and later said that, the state has understood that to be a false testimony. In each stage of the proceeding, that has been labeled the false testimony, and it's material to... I understand you've got a lot of proceedings on this. My question is just, is rape sexual activity? Because I think you've conceded that's the central question about whether it was even perjury in this case. It's not consensual sexual activity, but it is sexual activity. I would have thought it'd be a crime. A sexual crime. Moving on. In this case, the victim's testimony was the entire underpinning of the case against Mr. Pierre. You agree there's no evidence, there's no indication that the state had any knowledge of the testimony being false at the time the testimony was given? Yes, I agree. You agree with that? Yes. And so what I'm trying to understand is how it is that Kinzel v. Cain doesn't control the outcome in this case. Why should a different result be obtained in this case than was obtained in Kinzel v. Cain? So Kinzel v. Cain had a different procedural posture as well as distinguishable facts. Kinzel v. Cain, in that case, facially it appears very similar to this case. It was one victim who was alleging aggravated rape against the defendant, Mr. Kinzel. It was his stepdaughter, and she was the sole evidence that the state put forth, direct evidence. However, that case is distinguishable for a few reasons. First, that victim came out and recanted her testimony many, many years later. And at that point, Mr. Kinzel was submitting a successive petition. But you don't agree with me that a recantation is just different from saying that she was being molested by someone else. That is not to say Mr. Pierre did not molest me. It would just be adding that there was someone else who was molesting her. And in Kinzel, you had a recantation. Correct. That's different. However, the courts in Kinzel stated that she lacked credibility, and it wasn't actually found as a finding of fact that her testimony was false in the original proceeding. And I think every court that has examined this case has found that her testimony was false. But a recantation says he didn't do it. In this case, all we have is someone else, which could mean someone else in addition to this defendant, was molesting the victim. That's correct. But I think when she was the only, her testimony was the only evidence in this case, and her credibility was so severely undermined, and this is a complicated factual case. But when you say the only evidence, the government offered other witnesses. But not direct evidence. All right. So when you say it's the only evidence, what you meant to say was it's not the only direct evidence. Yeah, that's correct. I'm sorry. But being the only direct evidence, and that each, the trial court, the Louisiana trial court, the magistrate judge, and the district judge all determined that if the falsity of her testimony was known, and it was allowed to be cross-examined on those issues about allegations of abuse against another person who, keep in mind that Mr. Pierre was also a father figure to her, and so was the other alleged abuser. And thirdly, her own father was a convicted sex offender. So these are terrible facts, but there's a lot of confounding issues of perhaps Mr. Perclay was the only abuser at that time. And it was telling to me that the detective, Detective Rhodes, one of the reasons that her testimony seemed credible to the trial court in the original trial was because her testimony was consistent with that of a child sex abuse victim. Well, if another person is abusing you in this way that you're alleging against Mr. Pierre, that could explain an alternative basis for why your testimony would be consistent with a child sex abuse victim. Because you were a child sex abuse victim. Exactly. Well, the whole point is her credibility. It's not whether it's true or not. Exactly. As a legal perspective, it's whether or not he received a fundamentally fair trial based on her credibility. And not to say that that makes him innocent, which I'll get to as well, the actual innocence standard. And that was what was considered on a state law basis, but also touching on federal law. How does that get you to due process? So the Second and Ninth Circuits have recognized that the state's knowledge of material false testimony is not necessarily required to reach a due process violation. Has the Supreme Court said that? The Supreme Court has not specifically held that, and I understand the highly deferential standard of review under the AADPA. However, in any case that the Fifth Circuit has held that I'm aware of that the state was citing, for example, Black v. Collins, these issues were raised, and the Fifth Circuit has held that the states did not have knowledge. However, those cases are very factually different from this case, where the entire direct evidence was solely this victim's testimony. Do you agree that the Supreme Court has said that for perjury, later discovered perjury, to be actionable in due process, the state must have submitted it knowingly? I agree that the Supreme Court has held that, but I don't know that they've said it's required to the alternative. There has been no holding that there is an actionable... The Supreme Court may go further someday, but it has not done so to date. Do I understand correctly there's no evidence that the state knew? That's undisputed in this case that the state did not know. Yes, that is undisputed. What are we doing here? Are our hands tied even if we were to agree to everything else? I think this is a narrow set of facts under which the due process violation here, based on the Supreme Court's holdings even in NAPU, they did hold that under the three, if the testimony is false material and there's state's knowledge, that was an affirmative holding, but they also said that the jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend. And I think that from a due process, substantive due process is one of the more amorphous constitutional rights, but when you see it here, that the entire conviction against Mr. Pierre rests on testimony that has been proven to be false, has proven to be material, because material means whether or not it had a likelihood to affect the jury's verdict, and I would say that... What effect would it have on the jury if he was proven, but there was somebody else too? Well, we don't know what the effect would be, but each judge, the trial judge, the magistrate judge, and the district judge have all found that it probably would have produced an acquittal. Pierre didn't take the stand? I believe he did take the stand, and he denied it, but that was all that he could do. Well, that focuses on her credibility. If he hadn't denied it, it'd be one thing, but the fact that he did, it becomes a he said, she said, and if she's got no credibility, then how do you get past that and get to be fundamentally unfair to get to due process? Well, I would submit because that wasn't known, that she was completely not credible in at least that specific part of her testimony, that that is why he would be entitled for a jury to know that information, and then that would be something for the jury to work out, which, as I said, each judge has determined would probably produce an acquittal in this case. But other than credibility, the fact that she was getting abused by another adult doesn't affect Pierre. Well, I think it explains an alternative basis for the allegations that she raised against Pierre. Further, she had also raised allegations of sexual assault by Pierre during a similar time, and then she recanted those. Her father is a convicted sex offender. She later raised these allegations against another father figure in her life, and I think these very specific facts show that Mr. Pierre, at his trial, was not given due process. It's your point that your theory of due process, you acknowledged earlier that it's amorphous, and I certainly agree with you. That's the precedents that have been set forth. But as I take it, your point is the Supreme Court has left this theory open. Is that fair enough? Yes, and I think that also Kinslow became, if we can go back to that case. Let's stick with the Supreme Court for a moment. If the Supreme Court's left it open, is that clearly established, or is it merely leaving it open? I think that in these facts, there's a clear violation of due process. But the Supreme Court has tacitly left it stand, at least under the Ninth Circuit's extension of this. It's denied cert. It denied cert. Except for beholding, obviously. Yes, but that was in the Maxwell case, which I think this case actually can be likened to. In that case, in the Maxwell case, there actually was some physical evidence as well, which this case is lacking. It was very slight and minor. It was a handprint on a bench near the area where the murders had been committed. But there was still a handprint. And in this case, I understand the difficulty with sexual and aggravated rape cases, that as the state said, there's often only one witness. And there's no problem with convicting someone on a credible witness. But when that one witness has been now completely undermined, that becomes a problem. It's not that you expect the state to have five witnesses for an aggravated rape case. It's just that whether or not the state, regardless of its knowledge, can rest on a conviction that now the only direct evidence has been undermined. And in Kinzel v. Cain, the actual innocence standard was required to be met as a gateway to another constitutional claim as a successive habeas petition. And this court found that he had not met that standard, which requires clear and convincing evidence. And in that case, I think that this court did not need to go further, but it did. And the facts of this case are also different because in that case, the state courts had not found that the victim's testimony was actually false. And here we have uncontested falsehood and uncontested materiality of the perjured testimony, which likens it to Maxwell. And in Cash v. Maxwell, which was the application for cert to the Supreme Court, as you said, the Supreme Court denied cert. And in doing so, Justice Sotomayor said that the Ninth Circuit had done precisely what federal courts should do in examining due process. Justice Scalia, of course, dissented. But I also think that even that dissent is distinguishable from the facts here because similar to in Kinzel, in Maxwell, the Ninth Circuit actually found that the facts found by the state court were unreasonable in light of the factual determination was unreasonable in light of the facts. Just to be clear, not just Justice Scalia but Justice Alito joining him as well, what they both said was as to this claim that there is a due process violation, whether or not the prosecution knew of the falsity, quote, we have never held that. Yes. So there is no holding. This is a speculation about a future Supreme Court decision. Yes. Well, I do think that the Supreme Court should make this affirmative holding. No, that's fair, and you're allowed to do that in the future. I mean, if the ruling of this court does go that way. But you've got two justices saying we have never held that and are unlikely ever to do so. I don't believe Sotomayor contradicted them and said that we have held that. Right. So the Supreme Court has never held this. But that's my only point. Yes, that's correct. I can't say that the Supreme Court has held something that it hasn't. But I think that this unique set of facts where in each of these other cases, including in Black v. Collins, which was the Fifth Circuit case that is often cited from the early 90s for this proposition, the Fifth Circuit, you know, the state needs to have knowledge of the false material testimony. That case involved, I think the perpetrator had spoken to many other witnesses about the murder, had taken an insurance policy out on the victim eight days before the murder. There was a plethora of other evidence in that case. Similarly, in United States v. Lawrence, which is a Southern District case, specifically in that opinion, although that rule was once again mentioned, this court stated that it would not have affected the court's opinion. And I think that's directly contrary to what we've seen here, both from the very, very thorough and reasoned opinion by the magistrate judge who felt duty-bound to follow this Fifth Circuit's precedent. But I think that you as the Fifth Circuit have the power to do as the Second Circuit and Ninth Circuit has done, which is to recognize that when the entire case rests on now false material testimony, it doesn't always necessitate that the state has knowledge. The inquiry then becomes would it more likely not have resulted in a conviction. It's funny you say that we have the power. I would have thought that Congress specifically said that we don't. Right. I understand that the AADPA is a very foreboding and binds your hands as federal judges. But as recognized by the Second and Ninth Circuit and specifically in, I guess, as the magistrate judge said, that the Supreme Court tacitly allowed the Ninth Circuit's decision to be upheld. And I know it was on a denial of cert. But then I respectfully submit that this case could be the one for the Supreme Court to further this holding. But let's say that's even true, that the Supreme Court takes cert and decides that they like this due process. How does the Supreme Court get past Congress's explicit direction that there has to be prior clearly established precedent? Yes. Well, I know that that creates problems of retroactivity, which is a little more complicated than I've prepared to discuss today. But I personally see this case as representing at least an opportunity for progress to be made in this area of due process. Because, once again, it doesn't have to do with the innocence or guilt of Mr. Pierre, but it has to do with what fundamentally his conviction stands on and whether or not that evidence, you know. To Mr. Pierre, whether that evidence was put forth in good faith or not really makes no difference if it was false and material and undermines the credibility of what his conviction rests on. Are there any questions? I'm just trying to understand because we've been talking about AEDPA. Under the AEDPA deference that we have to give to the state court, we have to show that it resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law. Yes. That's the standard. Yes. And so as regards to this case, what's the clearly established federal law we're talking about? I think it has to, once again, go back to those more amorphous principles that have been established under NAPU and also Giglio, where there's not a clear, nice, easy sentence that I can quote to you from the Supreme Court that has held this. But I feel that it's implicit. So absent that then, don't we have to give deference to the state court's ruling? I would respectfully request that you affirm the conviction of Mr. I'm sorry, affirm the district court's decision because I think it's a reasoned decision of constitutional law. All right. Thank you. Thank you, counsel. Rebuttal. Thank you. Thank you. And I just have a few minutes to address some of the issues that were raised by my co-counsel, opposing counsel. Number one, Judge Ho asked why are we here. And we're here because Judge Zaney made an incorrect ruling. We are here because he did not follow the Supreme Court precedent or this Fifth Circuit's precedence, which clearly states that you have to have some state action or state knowledge in order to find a constitutional violation of due process. The next thing I wanted to just simply address is some of the facts that she cites aren't relevant to this case. She cites the fact that the victim's father was a sex offender. Well, why are we putting that upon her credibility? She has nothing to do with that. He was convicted of being a sex offender against another victim. She never made out. He was never convicted of committing sexual abuse against her. So why are we even talking about that? And I think that's to destroy her credibility even more. There was another incident, and all of this came out at the post-conviction relief hearing, that she did make a false allegation against a boy. I call it riding around in cars with boys. My mother never let me ride around in cars with boys because of this issue. She made a false accusation, but two days later she recanted that and said, no, I did that to cover for my friend. She was 15. That occurred after this trial, so that has nothing to do with her credibility at trial. So that shouldn't even be addressed either. Finally, the entire conviction does not rest on her answer of no. She had much more testimony other than that one false statement, and the state does admit that it is a false statement at this point in time. But we had no knowledge that that was a false statement at that time, and the state does not believe that that answer destroys her whole credibility regarding the allegations, the acts that Pierre did to her at that time. I would even argue that that is not so material. Now, that's another question that's sort of nebulous in this arena, as to what is material evidence. Of course, credibility is always important for all cases, all witnesses, but it's whether that fact that might be a falsehood was material to prove an element of the case. And in this case, that false statement was not material to the essential elements of this case of proving that Mr. Pierre raped her repeatedly from the time that she was 6 years old. Do you think rape is sexual activity? I do not believe so, because sexual activity in the common sense, and we don't even have that term in the law, but in a sociological standpoint, sexual activity is consensual sexual activity. And we don't use sexual activity in the term of rape. We use penetration. And the question wasn't, did someone else penetrate you? The question was sexual activity. This is a 15-year-old girl. She is not equating that. So when this girl testified that she's not sexually active, that's not necessarily false? That's correct. And we can only assume what her thought process was at that time, but I would submit that in that 14-year-old girl's mind, she was not sexually active. And perjury is not just about falsity. There has to be intent, as I understand it. That's correct. Thank you. Thank you, counsel.